MARYLAND CASUALTY COMPANY, complainant-respondent,

*v.*

JENNIE DEAN THOMPSON, ELIZABETH HODGE and HARRY HODGE, defendants-appellants.

[Submitted October term, 1940. Decided February 3d, 1941.]

*Mr. Andrew B. Crummy,* for the appellants.

*Messrs. Coull, Salz, Tomlinson & Morse,* for the respondent.

The opinion of the court was delivered by

BODINE, J.

The Court of Chancery properly relieved the complainant bonding company of liability as surety upon the bond of Jennie Dean Thompson as administratrix of the estate of her late husband, Henry Thompson.

The Thompsons were married January 13th, 1935. He died April 24th, 1937, leaving his widow and no children. His personal property had a value of a few thousand dollars. The widow took out letters of administration and administered the estate paying the debts, the expenses of the last sickness, and the funeral bills. The balance she quickly expended on the partial purchase of an automobile, the household bills, and so on. On November 24th, 1937, a will which Mr. Thompson had executed nine years earlier was discovered. In this will he named a friend beneficiary. She offered the will for probate, which was duly granted. Mrs. Thompson was then ruled to account, and the Orphans Court surcharged her for expenditures which she had made other than the administration expenses. She was directed to pay an amount which she could not because she had expended the moneys which she thought properly hers. Her appeal from the decree of the Orphans Court was not prosecuted, and the surety faced with liability under the strict terms of its bond sought relief in the Court of Chancery.

Under our statutes, *N. J. S. A. 3:5-3,* Mrs. Thompson, upon the death of her husband without leaving children, took his entire personal estate subject to the payment of debts, the expenses of the last illness, and the funeral bills. It, therefore, seems that her expenditures, before she learned of the existence of the will, were proper. *N. J. S. A. 3:7-9.* She in effect made a distribution to herself. She had a perfect right to do this. When the will was probated there was nothing unadministered or maladministered. It is claimed that the complainant is liable because Mrs. Thompson had not accounted before she distributed the estate to herself. But since she was entitled to all the personalty after payments of debts, she was not obliged to account in the Orphans

Court. *N. J. S. A. 3:10-1.* The decree of the Orphans Court of Mrs. Thompson's account did not preclude equitable intervention at the suit of the surety. *Red Oaks, Inc.,* v. *Dorez, Inc., 120 N. J. Eq. 282; Palisades Gardens, Inc.,* v. *Prosch, 121 N. J. Eq. 240.* The surety was seeking relief from a decree which, so far as it may affect it, was inequitable, because the administratrix improperly accounted is no reason to exact a debt not due from the surety. *Harker* v. *Irick, 10 N. J. Eq. 269; Ordinary* v. *Kershaw, 14 N. J. Eq. 527.* The text in *24 C. J. 498* is as follows:

"An administrator who acts with reasonable diligence to ascertain whether a will exists, and does not think, and has no reasonable ground to think, that a will exists, may safely distribute the estate as intestate, and is not liable to the beneficiaries under a will subsequently discovered and probated."

The case of *In re Gaston Trust, 35 N. J. Eq. 60-348,* is dissimilar to the present case. In that case the trustee kept no accounts or lost them. Obviously, the surety could not be relieved in such a situation. In this case the administratrix took before the will was found and took in good faith because she has no knowledge of the will which her husband had made long before his marriage.

The decree will be affirmed, with costs.

*For affirmance*—The Chief-Justice, Bodine, Heher, Porter, Dear, Wells, Wolfskeil, Rafferty, Hague, JJ. 9.

*For reversal*—Parker, Case, Donges, Perskie, JJ. 4.